*1284 OPINION.
Love :
On December 31, 1920, the contract between petitioner and Newman was in full force and effect. Petitioner had paid to him $3,136 for insurance and on that date he was liable to petitioner in the sum of $6,000. The cost of insurance of this character is a legitimate expense of carrying on business, and the expenditure was incurred in 1920. Also, the obligation of Newman arose within the year, and still existed at its close. The cancellation of the contract in the subsequent year does not affect the debits and credits between them which existed at the end of 1920. The expenditure is a proper deduction in 1920 and the amount of Newman’s obligation is a credit which properly should be reflected in income of that year.
This case is distinguishable from Inland Products Co., 10 B. T. A. 235, and Philip G. Brown, et al., 10 B. T. A. 1122. In the first-named case the petitioner voluntarily paid sums of money as beverage taxes on sweet cider under a mistake of law. At the time of the payments and at tide time of the making of its income-tax returns its liability for beverage taxes had not been determined. The amounts paid were thereafter refunded to it. In the Brown case an amount was paid as inheritance tax under a State law afterwards declared unconstitutional, and the amount was refunded before the filing of the petition. In the present case the liability of the petitioner was fixed and had accrued. The amount which it recovered in the later year came to it as part of the settlement under a new agreement between it and Newman, which was in the nature of a compromise of Newman’s obligation, as well as terminating the indemnity contract as to the future.
The testimony relating to the automobiles is meager. It does not show how much the Commissioner allowed for depreciation or what amount the petitioner is now claiming. The cost of the automobiles is not disclosed, the description is too general to be of any use, and even the number of passenger cars is uncertain. There is no testimony as to the life of automobiles in petitioner’s service. The only *1285 question presented is the abstract one of the propriety of the' appraisal method of determining depreciation. We could not adopt such a method on the showing made in this case. The deduction authorized by the law is for the replacement of the capital value as such value becomes exhausted. The rate of exhaustion of this value can not be based on the market value of the used article, since the market value is influenced not only by the condition of the article but by other factors as well. For example, a decrease in the price new of an automobile is bound to depress the market value of a used automobile of the same kind without relation to what its remaining life in service might be. The evidence is insufficient to enable us to determine a reasonable allowance for depreciation of these automobiles, and, therefore, we do not disturb the Commissioner’s determination in this respect.
The petitioner claims Marx used his membership in the clubs mentioned above to promote the sale of its goods; and this is sustained by the evidence. There is no evidence that he used them for any other purpose. He joined at the instance of the other stockholders. Other officers of petitioner were members of clubs, but their dues were not paid by petitioner. Upon the evidence in this case, we think the deduction was proper.

Judgment will be entered wider Rule 50.